UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DANNY TIMMONS,<br><br>    Plaintiff,<br><br>    vs.<br><br>DENNIS ZINN,<br><br>    Defendant. | Case No: C 14-0748 SBA<br><br>**ORDER DENYING PLAINTIFF'S REQUEST TO PROCEED IN FORMA PAUPERIS** |

Plaintiff Danny Timmons brings the instant pro se action against Defendant Dennis Zinn, alleging a claim under the Supremacy Clause. This matter is presently before the Court on Plaintiff's Motion to Proceed In Forma Pauperis ("IFP"). For the reasons that follow, the motion is DENIED and the action is DISMISSED under 28 U.S.C. § 1915(e)(2)(B)(ii).

I. **BACKGROUND**

Plaintiff previously commenced a civil action in the Sonoma County Superior Court against Defendant. See Timmons v. Zinn, No. SCV-251817.[1] In connection with that action, Defendant allegedly attempted to serve Plaintiff with unspecified papers while he (Plaintiff) was in the Philippines. In the instant action, Plaintiff contends that Defendant's attempted service violates California law, a United States Department of State flyer and the

---

[1] Though the substance of the state court action is not disclosed or apparent from the papers filed in this case, the Sonoma County Superior Court website indicates that the case remains pending.

Philippine Rules of Court.  Dkt. 1 at 4.  Plaintiff further alleges that Sonoma County Superior Court Judge Arthur Wick, relying on Defendant's "fraudulent" proof of service, improperly imposed sanctions against him.  Id. at 5.  As relief, Plaintiff requests that the Court direct the state court judge enter a judgment against Defendant.  Id. at 6.

II.     DISCUSSION

   A.     STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2), federal courts are authorized to review claims filed IFP prior to service and to dismiss the case at any time if the court determines that: (1) the allegation of poverty is untrue; (2) the action is frivolous or malicious; (3) the action fails to state a claim; or (4) the action seeks monetary relief from a defendant who is immune from such relief.  A pleading filed by a pro se plaintiff must be liberally construed.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To determine whether an IFP complaint passes muster under § 1915, the Court applies the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).  See Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).  A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  The pleadings must "give the defendant fair notice of what ... the claim is and the grounds upon which it rests."  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks omitted).

   B.     ANALYSIS

The Supremacy Clause provides that the "Constitution and the Laws of the United States which shall be made in Pursuance thereof ... shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, anything in the Constitution or the

Laws of any State to the Contrary notwithstanding." U.S. Const. art VI, cl.2. "Under the supremacy clause, federal law preempts state law when Congress expressly or impliedly indicates an intention to displace state law, or when state law actually conflicts with federal law." Alaska Airlines, Inc. v. City of Long Beach, 951 F.2d 977, 982 (9th Cir. 1991).

Here, Plaintiff does not identify any state or other law that allegedly conflicts with federal law. Rather, it appears that Plaintiff is complaining that the state court should not have considered papers served on him in the Philippines on the ground that those papers were not properly served. A federal court, however, has no jurisdiction to review state court rulings. Kougasian v. TMSL, Inc., 359 F.3d 1136, 1139 (9th Cir. 2004) (holding that the Rooker-Feldman doctrine bars federal district courts "from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment."). Even if the Court had jurisdiction, the Younger abstention doctrine counsels federal courts to avoid interfering with ongoing state court proceeding. See Gilbertson v. Albright, 381 F.3d 965, 973 (9th Cir. 2004).

As Plaintiff has not alleged any cognizable claims against Defendant, the case must be dismissed. See 28 U.S.C. § 1915(e)(2)(B)(ii). In view of the underlying basis of this action, the Court finds that amendment to the pleadings would futile. Leave to amend is therefore denied. See Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

### III. CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED Plaintiff's motion to proceed IFP is DENIED, and the Complaint is DISMISSED without leave to amend. Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal from said dismissal would not be in good faith. The dismissal of the action is without prejudice to Plaintiff's right to pursue his claims in a paid complaint. The Clerk shall close the file and terminate any pending matters.

IT IS SO ORDERED.

Dated: April 18, 2014

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge